Wilson J.
Dissenting.
I am unable to follow the reasoning of my associates on the last point as to Philomena, viz., that it is shown by competent evidence that she conspired against one Pasquale DeSarno, and feel that I should state my reasons for my dissent.
It seems to me that these principles are applicable:
No testimony is competent to be considered against Philomena when tried with her alleged co-conspirators which would not be admissible against her if tried separately.
Confessions and admissions of a co-conspirator made after the conspiracy is at an end are not admissible against anyone but the person making them. Greenleaf on Evidence, Vol. I, 16 Ed., 184a; Wharton on Criminal Evidence, Sec. 699; Commonwealth v. Rogers, 181 Mass., 193.
Upon this basis neither the statements of Vetrano or Elizabeth to the officers, made after their arrests and not in the presence of Philomena and when the conspiracy must be held to be abandoned, *390 would be admissible against Philomena if tried separately or competent to be considered against her when tried together.
Eliminating the statements by Vetrano and Elizabeth to the officers, there is no evidence in the case that it was the man who got her daughter in trouble against whom the conspiracy was directed, or that his name was Pasquale DeSarno.
The opinion brings the proof of the man as Pasquale DeSarno home to Philomena on the ground that Elizabeth being her amanuensis, and <it appearing by the admission or confession of Elizabeth that she knew who was meant, ergo the mother also knew. We know that to be a fact, but it is not shown by evidence competent against the mother that even Elizabeth knew, or knowing, that it was Pasquale DeSarno who was meant.
■ The criminal law does not recognize agents as such, only accomplices and co-conspirators. If Elizabeth’s knowledge had been proven by evidence admissible against the mother, I would agree it was sufficient. If it was shown by any statement of Elizabeth while the letters were being written, well and good. But the State offers as its only evidence on this point statements made to the officers, not in the presence of Philomena, and after the conspiracy was at an end. No rule of evidence occurs to me by which they are admissible against the mother, except that relating to statements of accomplices and co-conspirators, and that, as I conceive it, does not apply to statements made after the conspiracy is ended.
Exclude them and how does the case stand against Philomena? Clearly lacldng on this point. It does not meet the question to say that Elizabeth was acting at her mother’s dictation. That only made her an accomplice or a co-conspirator. No different rule applies as to the admission of statements to third parties because the accomplice was carrying out the ‘directions of the principal and a co.-conspirator.
It would be a dangerous doctrine, I think, to permit one conspirator to say, when the conspiracy has been accomplished or abandoned, and not in the presence of the others: '“Yes, I knew against who it was directed all the time. It was A;” and have that statement to a third party used to convict all the other, conspirators of conspiring against A, if it was A who was named in the indictment. The burden being on the State to prove the allegation that it was Pasquale DeSarno who was conspired against, it has failed as to Philomena, and as to her the appeal should be sustained.